UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| JOSEPH SWANIGAN,<br><br>Plaintiff,<br><br>v.<br><br>MCDONALDS CORPORATION,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DISMISSING ACTION WITHOUT PREJUDICE FOR LACK OF SUBJECT-MATTER JURISDICTION**<br><br>Case No. 2:24-cv-00964<br><br>Magistrate Judge Daphne A. Oberg |

Joseph Swanigan, proceeding without an attorney, brought this personal injury case against McDonalds Corporation, invoking diversity jurisdiction.[1] But the complaint fails to allege an amount in controversy exceeding $75,000, and Mr. Swanigan did not cure this deficiency after being given an opportunity to do so. Accordingly, this action is dismissed without prejudice for lack of subject-matter jurisdiction.[2]

Federal courts have an "independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."[3] "The party invoking federal jurisdiction bears the burden of establishing such jurisdiction

---

[1] (Compl., Doc. No. 1.)

[2] Mr. Swanigan consents to proceed before a magistrate judge in accordance with 28 U.S.C. § 636(c), Rule 73 of the Federal Rules of Civil Procedure, and the District of Utah's General Order 20-034. (*See* Doc. No. 5.)

[3] *1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) (citation omitted).

as a threshold matter."[4] In general, a plaintiff may establish subject-matter jurisdiction in one of two ways—first, a plaintiff may establish federal question jurisdiction by bringing a claim arising under federal law.[5] Alternatively, a plaintiff may establish diversity jurisdiction by alleging no plaintiff is a citizen of the same state as any defendant and the amount in controversy exceeds $75,000.[6]

Mr. Swanigan does not bring any claims under federal law and, in his complaint, he identifies diversity of citizenship as the basis for this court's jurisdiction.[7] But Mr. Swanigan fails to allege an amount in controversy over $75,000. On the section of the complaint form inviting an explanation of how the amount in controversy exceeds $75,000, Mr. Swanigan wrote "$33,444.77."[8] The complaint contains no other allegations regarding the amount of damages sought. Accordingly, Mr. Swanigan fails

---

[4] *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004).

[5] *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

[6] *See* 28 U.S.C. § 1332(a); *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015).

[7] (*See* Compl. 1, 3, Doc. No. 1.)

[8] (*Id.* at 3–4.)

to show the amount in controversy exceeds $75,000, as required for diversity jurisdiction.[9]

Based on this deficiency, the court ordered Mr. Swanigan to show cause why this action should not be dismissed for lack of subject-matter jurisdiction.[10] The order required Mr. Swanigan to file a written response by June 17, 2025, and stated he could satisfy this requirement by filing an amended complaint.[11] Mr. Swanigan filed a response before the deadline, arguing this court has jurisdiction because he seeks damages exceeding $20,000.[12] In support of this argument, Mr. Swanigan cited Utah Code § 78A-5-102(1), a state statute governing jurisdiction in Utah state district courts—as well as Utah Supreme Court decisions addressing state court jurisdiction.[13] But this court is a federal district court, not a state court. Accordingly, the authority Mr.

---

[9] In his complaint, Mr. Swanigan also fails to adequately allege diversity of citizenship. For diversity purposes, a corporation is a citizen of its state of incorporation and the state where its principal place of business is located. 28 U.S.C. § 1332(c)(1). The complaint states Mr. Swanigan is a citizen of Utah and McDonalds Corporation is incorporated in Utah with a principal place of business in Illinois. (Compl. 3, Doc. No. 1.) If McDonalds were actually incorporated in Utah, the parties' citizenship would not be diverse. However, based on publicly available information, McDonalds is incorporated in Delaware, not Utah. See Securities and Exchange Commission EDGAR Company Search Results, https://www.sec.gov/edgar/browse/?CIK=0000063908 [https://perma.cc/63CC-GSGN]. Based on this publicly available information and Mr. Swanigan's allegation regarding his own citizenship, the parties' citizenship is diverse.

[10] (Order to Show Cause, Doc. No. 7.)

[11] (*Id.* at 3.)

[12] (Mem. Opposing . . . Dismiss[al] for Lack of Subject Matter Jurisdiction, Doc. No. 8.)

[13] (*Id.* at 2–3.)

Swanigan cites in his response is inapplicable.  It does not establish this court's subject-matter jurisdiction.  And Mr. Swanigan has not filed an amended complaint or any other response to the order to show cause.

## CONCLUSION

Because the assertions in the complaint fail to establish diversity jurisdiction, and Mr. Swanigan has not cured this deficiency after being given an opportunity to do so, this action is dismissed without prejudice for lack of subject-matter jurisdiction.

DATED this 29th day of August, 2025.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge